UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAIL KHODORKOVSKY,<br><br>      Plaintiff(s),<br><br>  v.<br><br>CAMBRIDGE ENERGY RESEARCH ASSOCIATES, INC.,<br><br>      Defendant(s). | No. C07-80215 MMC (BZ)<br><br>**ORDER COMPELLING AUTHENTICATION PURSUANT TO SUBPOENA FOR THIRD-PARTY DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782(a)** |

On August 30, 2007, applicant Mikhail B. Khodorkovsky ("Khodorkovsky") filed an *Ex Parte* Application for an Order Granting Third-Party Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782(a), supported by a Memorandum of Law and several Declarations (collectively, the "Application"). By the Application, Khodorkovsky sought the issuance of a Subpoena, directed to third-party Cambridge Energy Research Associates, Inc. ("CERA"), for the production of certain documents and information relating to Yukos Oil Company (or OAO NK Yukos) (hereinafter, "Yukos"), a Russian oil company. The Application sought evidence for use in a

1

foreign criminal proceeding pending against Khodorkovsky. Khodorkovsky asserted in the Application that information and documents that CERA received and prepared in connection with consulting services it provided to Yukos would be relevant to his defense in that proceeding.  Because this was a matter relating to discovery, The Honorable Maxine M. Chesney referred the Application to this Court on August 30, 2007.

After considering the *ex parte* Application and arguments of Khodorkovsky's counsel, this Court entered an Order on September 5, 2007, granting the issuance of the Subpoena sought in the Application but expressing concerns about its scope.  Although this was an *ex parte* Application, the Court was mindful that the September 5, 2007 Order authorized only the issuance of the Subpoena, and that CERA's response to the Subpoena once served would be governed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

CERA was served with the Subpoena on or about September 6, 2007.  CERA timely notified counsel for Khodorkovsky that it objected to the production of the information sought by the Subpoena.  As they were required to do under the Federal Rules and the Local Rules of this Court, counsel for CERA and Khodorkovsky thereafter engaged in strenuous and extensive arguments concerning the Application, the Subpoena, CERA's objections and the procedures and requirements of 28 U.S.C. § 1782(a).  Among other things the parties reduced the scope of the subpoena.

Khodorkovsky thereafter requested that this Court hold a hearing on the matter, and enter an order pursuant to the

2

1  Application and Subpoena.  On May 6, 2008, this Court
2  conducted an in-chambers hearing on the matter to consider
3  arguments of counsel.  Khodorkovsky asserts that a document
4  entitled "A Review of YUKOS Performance (Draft Report)
5  Prepared for YUKOS by Cambridge Energy Research Associates
6  June 7, 2004" (hereinafter the "Report") prepared by CERA
7  about the operations of Yukos is essential to his defense of
8  claims by the Russian Prosecutor General that Khodorkovsky
9  misappropriated over 350 million metric tons of oil from Yukos
10 and its three production subsidiaries (valued at over $30
11 billion), and laundered the proceeds.  Khodorkovsky claims to
12 have in his possession copies of the Report in both English
13 and Russian, and specifically seeks an order compelling CERA
14 to authenticate copies of the Report in Khodorkovsky's
15 possession if they are true and correct copies of the Report
16 prepared by CERA.  CERA, on the other hand, objects to any
17 production pursuant to the Subpoena on numerous grounds,
18 including relevance and undue burden, and asserts that the
19 Subpoena improperly seeks production of confidential and/or
20 proprietary business information and information unrelated to
21 the allegations in the criminal proceeding.
22     Now, after due consideration of the Application, the
23 Subpoena and the arguments of counsel for the parties, the
24 Court hereby Orders as follows:
25         1. No later than May 23, 2008, CERA shall determine
26   whether copies of the Report presently in Khodorkovsky's
27   possession, in both English and Russian, are true and correct
28   authentic copies of the Report prepared by CERA for Yukos

1  regarding Yukos operations. Copies of the above-mentioned
2  Report are attached to this Order attached as Exhibit A and
3  numbered YKS020001 through YKS020555.
4        2.   If CERA determines that the copies of the Report
5  in Khodorkovsky's possession, in the form attached to this
6  Order, are true and correct authentic copies, no later than May
7  23, 2008, a duly authorized representative of CERA shall
8  provide to Khodorkovsky a declaration authenticating the copies
9  of the Report in Khodorkovsky's possession in both English and
10 Russian languages.  The declaration of authenticity shall be
11 substantially in the form attached hereto as Exhibit B.
12       3.   The authenticated Russian and English copies of
13 the Report shall bear the following legends:
14       A.   English Version:  "This document is an
15 authentic copy of an original report prepared by Cambridge
16 Energy Research Associates, Inc. for OAO NK Yukos,
17 authenticated pursuant to an Order of the United States
18 Federal District Court dated May 7, 2008."
19       B.   Russian Version:  "This document is an
20 authentic copy of an original report prepared by Cambridge
21 Energy Research Associates, Inc. for OAO NK Yukos,
22 authenticated pursuant to an Order of the United States
23 Federal District Court dated May 7, 2008.  To the extent this
24 Russian language report conflicts with the English version of
25 the same report, the English version controls. "
26       4.   CERA's authentication pursuant to this Order and
27 ///
28 ///

1 | filing of the authentication and authenticated reports shall
2 | constitute full compliance with the Subpoena.
3 | **IT IS SO ORDERED**
4 | Dated: May 7, 2008

                                        Bernard Zimmerman
                            United States Magistrate Judge

7 | G:\BZALL\-REFS\KHODORKOVSKY V. CAMBRIDGE\PROPOSED ORDER.wpd

5